981 F.2d 1253
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Curtis L. WRENN, Plaintiff-Appellant,
v.
Louis W. SULLIVAN, Secretary of Health and Human Services;
University of Maryland School of Medicine; State of
Maryland; Department of Health and Mental Hygiene;
University of Maryland at Baltimore Medical System/Hospital
and Professional Schools; G. Bruce McFadden, Individually
and as Director; Morton I. Rapport, M.D., Individually and
as President; University of Maryland Medical Systems,
Defendants-Appellees.
Curtis L. WRENN, Plaintiff-Appellant,
v.
Mark BEHM, Vice-President for Administrative Affairs of the
University of Maryland; University of Maryland;
State of Maryland, Defendants-Appellees.
 Nos. 91-1138, 91-1582.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: June 4, 1992
Decided: December 28, 1992
 
 Appeals from the United States District Court for the District of Maryland, at Baltimore. Walter E. Black, Jr., Chief District Judge; John R. Hargrove, District Judge. (CA-89-384-HAR, CA-91-970-B)
 Curtis L. Wrenn, Appellant Pro Se.
 D.Md.
 No. 91-1138 AFFIRMED, No. 91-1582 DISMISSED.
 Before HALL, WILKINSON, and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Curtis Wrenn, a former Maryland resident and now a New York resident, filed these two actions in the district court alleging numerous claims of discriminatory employment practices. In both actions he proceeded pro se. In each action the district court ordered him to furnish the court with a local address where he could be served. Wrenn objected to the court's orders in each case, stating that he did not have any relatives in Maryland who could be served on his behalf. The court rejected his objections.
 
 
 2
 In 91-1138 Wrenn was ordered to obtain local counsel and warned that if he failed to do so his action would be dismissed. Wrenn moved for appointment of counsel; his motion was denied. Wrenn took an interlocutory appeal of that order, and this Court dismissed the appeal. Wrenn v. Sullivan, No. 89-2084 (4th Cir. Oct. 19, 1989) (unpublished). The district court then entered a final order dismissing the action. Wrenn appealed.
 
 
 3
 In 91-1582 the court rejected Wrenn's objections and gave him an extension of time in which to provide the court with a local address. Wrenn immediately appealed the district court's order; the district court did not enter a final order dismissing the action.
 
 No. 91-1138
 
 4
 In this case Wrenn appeals the district court's order dismissing his action for failure to either give an address in the district where he could be served or to obtain local counsel. The court ordered Wrenn to provide an address within the district, citing then-effective D. Md. R. 3, which provided that except in a case in which a party represented himself, all pleadings had to be signed by a member of the bar of the district court or by resident counsel. The rule further provided that a party representing himself had to personally sign all pleadings he filed with the court and had to provide a local address where he could be served. When Wrenn did not provide a local address, the court ordered him to obtain local counsel, referring to its order which cited D. Md. R. 3.* Wrenn failed to either provide a local address where he could be served or obtain local counsel, so the case was dismissed.
 
 
 5
 We hold that the district court acted within its discretion in requiring Wrenn to comply with the local rules by either providing a local address where service could be accomplished or by obtaining local counsel. Consequently, we affirm the district court's order dismissing this action.
 
 No. 91-1582
 
 6
 In this case Wrenn appealed from the district court's order denying his motion to waive the application of D. Md. R. 102.1.b.ii, which required him to provide an address within the district where he could be served. The district court did not, however, enter an order dismissing the action. Because the court's order did not"end[ ] the litigation on the merits and leave[ ] nothing for the court to do but execute the judgment," Catlin v. United States, 324 U.S. 229, 233 (1945), the order is not a final, appealable order. Further, the order was not an immediately appealable collateral order. See Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541 (1949). Therefore, we dismiss the appeal in 91-1582 for lack of jurisdiction.
 
 Conclusion
 
 7
 We affirm the district court's order in 91-1138. We dismiss the appeal in 91-1582 for lack of jurisdiction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not significantly aid the decisional process.
 
 No. 91-1138-AFFIRMED
 No. 91-1582-DISMISSED
 
 
 *
 In the interim between the orders, D. Md. R. 3 was replaced by D. Md. R. 101.2